

*500 Bausch & Lomb Place*
*Rochester, NY 14604*

P 855-227-5072  F 585-454-0302
bkinbox@woodsdefaultservices.com

April 12, 2021

Honorable Elizabeth S. Stong
Conrad B Duberstein US Courthouse
271-C Cadman Plaza East
Brooklyn, NY 11201-1800

**Re:**             **Michael Krichevsky**
**BK Case No.:**    **1-19-43516-ess**
**AP Case No.:**    **1-21-01013-ess**

Dear Hon. Judge Stong:

     Please allow this letter to serve as a written status report. On March 22, 2021, Judge Ann M. Donnelly from the United States District Court entered an Order affirming the Bankruptcy Court's decision to grant the Motion for Relief from Stay of the creditor, Wells Fargo Bank, N.A. as servicing agent for U.S. Bank National Association, as Trustee for Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-F and dismissing the appeal of the debtor Michael Krichevsky. A copy of the Order is attached hereto.

     If you have any questions please let me know at the above phone number or email.

Very truly yours,

*/s/ Natalie A Grigg, Esq.*

Natalie A. Grigg, Esq.

Cc:    Michael Krichevsky
       Marianne DeRosa
       Office of the United States Trustee

100400-14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
**MICHAEL KRICHEVSKY,**

               Appellant,

           - against -

**U.S. BANK, N.A.,**

               Appellee.
------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**
20-CV-2343 (AMD)

**ANN M. DONNELLY,** United States District Judge:

On June 26, 2020, the *pro se* appellant, Michael Krichevsky, appealed the June 16, 2020 order of Bankruptcy Judge Elizabeth Stong, which modified the automatic bankruptcy stay so that Wells Fargo, as servicer of U.S. Bank National Association, as Trustee for Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-F ("U.S. Bank"), could resume its foreclosure action against the appellant in state court. (ECF No. 1.) For the following reasons, the Bankruptcy Court's decision is affirmed, and the appeal is dismissed.

## BACKGROUND[1]

On April 18, 2016, U.S. Bank filed a foreclosure action in New York Supreme Court, Kings County (Index No. 506127/2016) seeking to foreclose a mortgage on a property located at 4221 Atlantic Avenue, Brooklyn, NY 11224, owned by the appellant. *U.S. Bank National Assoc., as trustee for Banc of Amer. Funding Corp. Mortgage Pass-through Certificates, Series 2006-F v. Michael Krichevsky*, No. 506127/2016 (N.Y. Sup. Ct. 2016). The complaint in that action alleged that the mortgage had been in default since July 1, 2010. *Id.* (Dkt. No. 1 ¶ 8). After Krichevsky failed to file a timely answer, the Honorable Noach Dear granted U.S. Bank's

---

[1] The facts and procedural history are taken from the materials designated with this appeal at ECF Nos. 6-8. I also take judicial notice of filings in the state court proceeding (Index No. 506127/2016).

1

motion for default judgment. *Id.* (Dkt. No. 34 at 1). Judge Dear found that U.S. Bank had established the requisite standing to foreclose on the mortgage because it produced the mortgage, the unpaid note, and evidence of default. *Id*. On January 24, 2019, U.S. Bank moved for judgment of foreclosure and sale. *See id.* (Dkt. No. 41).

On June 6, 2019, Krichevsky filed for Chapter 13 Bankruptcy in the Eastern District of New York, *In Re: Krichevsky*, No. 19-43516 (Bankr. E.D.N.Y. filed June 6, 2019), and U.S. Bank withdrew its motion for a foreclosure judgment on June 12, 2019. *Krichevsky*, No. 506127/2016 (Dkt. No 50). On October 4, 2019, at Krichevsky's request, the court converted the action to a Chapter 11 Bankruptcy proceeding. (Bankr. ECF No. 26).

On March 17, 2020, Wells Fargo, as servicing agent for U.S. Bank, moved to lift the automatic stay pursuant to 11 U.S.C. § 362(d)(1) so that it could resume the state foreclosure action on the 4221 Atlantic Avenue property. (Bankr. ECF No. 47.) Wells Fargo argued that relief from the stay was warranted because Krichevsky had not paid the monthly balance on the mortgage in almost ten years. (Bankr. ECF No. 47-1 ¶¶ 10-11.)

Krichevsky opposed the motion for relief from the stay and cross-moved to strike U.S. Bank's Proof of Claim. (Bankr. ECF No. 57.)[2] He argued, among other things, that U.S. Bank did not have standing to seek relief from the stay; that the debt in question had been paid off; that evidence documenting his failure to make loan payments was inadmissible because no bank employee filed an affidavit or declaration to authenticate it; and that the Proof of Claim filed by U.S. Bank was invalid because it was missing the power of attorney. (*Id*. ¶¶ 19, 33-34, 52-55.)

---

[2] After Krichevsky filed his opposition and motion to strike the proof of claim, U.S. Bank filed an amended Proof of Claim containing a complete copy of the limited power of attorney. (*See* Bankr. ECF. No. 61 ¶ 3, Ex. A.)

2

He also used a significant portion of his opposition brief to attack the qualifications and integrity of the attorneys for Wells Fargo and U.S. Bank. (*Id*. ¶¶ 20-26, 45-49.)

Judge Stong granted Wells Fargo's application on June 16, 2020, after a hearing on the motion, and modified the stay to allow the parties to resume the state court foreclosure action on the Atlantic Avenue property. (Bankr. ECF No. 70.) She determined that Wells Fargo had standing to seek stay relief and had established cause—almost ten years of non-payment on the note. (Bankr. ECF No. 100, June 12, 2020 Hr'g Tr., at 26-27.) Judge Stong concluded that the state court was the proper forum for the parties to "pursue their rights under the applicable law with respect to [] the property and . . . get a fair hearing." (*Id*. at 25-26.) The appellant seeks reversal of that order.[3]

## DISCUSSION

District courts have appellate jurisdiction over "final judgments, orders, and decrees" entered in bankruptcy court. 28 U.S.C. § 158(a). On appeal, a district court reviews the legal conclusions of a bankruptcy court "*de novo*, and its factual findings for clear error." *Wenegieme v. Macco*, No. 17-CV-1218, 2018 WL 334032, at *2 (E.D.N.Y. Jan. 9, 2018) (citing *In re Bayshore Wire Prods. Corp.*, 209 F.3d 100, 103 (2d Cir. 2000)). "A finding is 'clearly erroneous' when, on consideration of the record as a whole, the reviewing court 'is left with the definite and firm conviction that a mistake has been committed.'" *Bongiovanni v. Grubin*, No. 15-CV-2617, 2016 WL 4059349, at *3 (E.D.N.Y. July 28, 2016) (quoting *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 168 (2d Cir. 2001)).

The appellant is proceeding *pro se*, so I hold his submissions "to less stringent standards" than those of lawyers, and interpret his brief to raise the strongest arguments it suggests. *Hughes*

---

[3] It does not appear that Judge Strong ruled on the appellant's cross motion to strike U.S. Bank's proof of claim. That motion is set for hearing on April 15, 2021. (*See* Bankr. Minute Entry dated 2/12/2021.)

*v. Rowe*, 449 U.S. 5, 9 (1980); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008); *accord Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

The appellant challenges Judge Stong's decision to modify the automatic stay, arguing that that the court did not have subject matter jurisdiction to decide the motion, that U.S. Bank had no standing to lift the stay, that the debt in question was "paid off," and that U.S. Bank, its attorneys and Judge Stong are all conspiring to defraud him of his property. (ECF No. 2.)

As an initial matter, the bankruptcy court has subject matter jurisdiction to issue stay relief pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a)-(b). *Buczek v. Nationstar Mortg. LLC*, No. 19-CV-1402, 2021 WL 631281, at *4 (W.D.N.Y. Feb. 17, 2021). Section 157(b)(2)(G) specifies that "motions to terminate, annul, or modify the automatic stay" are "core" bankruptcy proceedings. *Id.* (citing *In re Killmer*, 513 B.R. 41, 43 (Bankr. S.D.N.Y. 2014)). The bankruptcy court's decision to lift or modify an automatic stay is reviewable "only for an abuse of discretion." *In re Mazzeo*, 167 F.3d 139, 142 (2d Cir. 1999).

Under 11 U.S.C. § 362(d), a request to lift the automatic stay must be made by "a party in interest," which includes a secured creditor with "the ability to seek the state law remedy of foreclosure." *In re Everton Aloysius Sterling*, 543 B.R. 385, 390 (Bankr. S.D.N.Y. 2015). "[P]roof of standing does 'not require evidence which would be necessary to prevail over a claim objection or to prevail in an adversary proceeding asserting that the claimant does not hold a valid, perfected and enforceable lien.'" *Osuji v. Deutsche Bank, N.A.*, 589 B.R. 502, 509 (E.D.N.Y. 2018) (quoting *In re Escobar*, 457 B.R. 229, 239 (Bankr. E.D.N.Y. 2011)). Rather, the creditor must establish only that it meets the requirements under New York law to commence a foreclosure action in state court. *Id.* In other words, U.S. Bank can establish standing to lift

4

the stay "by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note." *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 222 (2d Cir. 2016) (citing *Wells Fargo Bank, N.A. v. Rooney*, 132 A.D.3d 980, 981 (2d Dep't 2015)).

      U.S. Bank met this burden by producing copies of the note, the mortgage and the mortgage assignments along with its motion for relief from the automatic stay. (Bankr. ECF No. 47-2.) Moreover, the state court determined that U.S. Bank had standing to bring a foreclosure action on the Atlantic Avenue property when it granted U.S. Bank's motion for default judgment. *Krichevsky*, No. 506127/2016 (Dkt. No. 34 at 1). Thus, U.S. Bank established that it had standing to seek stay relief. *See In re Campora*, Nos. 14-CV-5066, 14-CV-7123, 2015 WL 5178823, at *5 (E.D.N.Y. Sept. 1, 2015) (affirming the bankruptcy court's standing determination where the creditor presented evidence of its possession of the note and the state court had already resolved standing by issuing foreclosure judgment before bankruptcy case commenced).

      Having established its standing to request relief from the automatic stay, U.S. Bank must provide cause for the requested relief. *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 589 (2020) (citing 11 U.S.C. § 362(d)). Courts in this Circuit have regularly found that a debtor's failure to make mortgage payments constitutes sufficient cause to modify an automatic stay. *Buczek*, 2021 WL 631281, at *7; *Osuji*, 589 B.R. at 511-12; *In re Everton Aloysius Sterling*, 543 B.R. at 392-93; *In re Schuessler*, 386 B.R. 458, 480 (Bankr. S.D.N.Y. 2008); *In re Taylor*, 151 B.R. 646, 648 (E.D.N.Y. 1993). U.S. Bank produced records showing that

Krichevsky has not paid the balance on the note since July 1, 2010. (Bankr. ECF No 47-3.)[4] Krichvesky claims that his loan was listed as "inactive" on the MERS website, and that a Wells Fargo representative told him that "when it's showing inactive, typically it means that [the note has] been paid off." (ECF No. 10-1 ¶¶ 213-215.) However, Krichevsky provided no evidence that he actually paid the loan, or that he had otherwise satisfied the balance on the mortgage. Thus, Judge Stong did not abuse her discretion by crediting U.S. Bank's records of the mortgage history and granting the bank relief from the automatic stay.[5]

Finally, the appellant alleges a broad conspiracy by attorneys, banks and even Judge Stong, to ruin his business and fraudulently foreclose on his property. (ECF Nos. 2, 10-1.) These allegations are not appropriate subjects for appellate review. *See In re Sterling*, 565 B.R. 258, 269 (S.D.N.Y. 2017), *aff'd*, 737 F. App'x 52 (2d Cir. 2018) ("the district court may not consider evidence outside the record below"); *Bagel Bros. Maple v. Ohio Farmers, Inc.*, 279

---

[4] Krichevsky challenged the admission of these records, arguing that they had not been properly authenticated. In fact, U.S. Bank did authenticate its records by submitting a "Relief from Stay—Real Estate and Cooperative Apartments" form to which was attach the signed declaration of Charice Gladden, Vice President of Loan Documentation at Wells Fargo—U.S. Bank's servicer. (Bankr. ECF No. 47-4.)

[5] I also considered the factors set forth in *In re Sonnax Indus., Inc.*, 907 F.2d 1280 (2d Cir. 1990), which courts apply to determine whether relief from the stay was warranted. These factors include:
> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

*Id*. at 1286. I find that these factors favor modification of the automatic stay as described in Judge Stong's order. In particular, "lifting the stay on this limited basis enables [U.S. Bank] to proceed with the state foreclosure action to resolve issues with the property—in which the state law has expertise—and furthers the interests of judicial economy." *Buczek*, 2021 WL 631281, at *7 (collecting cases).

B.R. 55, 61 (W.D.N.Y. 2002) ("the district court 'is not authorized to engage in independent fact finding [and] reviews the bankruptcy court's findings . . . only for clear error'" (quoting *In re Indian Palms Assocs., Ltd.*, 61 F.3d 197, 210 n.19 (3d Cir. 1995)).[6]

I have reviewed Judge Stong's order and find no abuse of discretion or clear error. Accordingly, I affirm her order modifying the automatic stay so that Krichevsky and U.S. Bank may "pursue their rights under applicable law" with respect to the Atlantic Avenue property. (Bankr. ECF No. 70.)

## CONCLUSION

The Bankruptcy Court's order is affirmed, the appeal is dismissed, and the Clerk of the Court is respectfully directed to close the case.

**SO ORDERED.**

                                          s/Ann M. Donnelly
                                          ANN M. DONNELLY
                                          United States District Judge

Dated: Brooklyn, New York
       March 22, 2021

---

[6] On February 16, 2021, the appellant requested an extension of time to serve his motion on the various parties that he added in his reply brief. (ECF Nos. 13-14.) This Court—exercising appellate jurisdiction over a decision of the bankruptcy court—is not the appropriate forum for an adversarial proceeding naming additional parties not involved in the bankruptcy action. Thus, the appellant's motion for additional time to serve newly named parties is denied.