**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re:

**MICHAEL KRICHEVSKY**

**Case No. 1-19-43516-ess**
**Chapter 11**

_____

**Debtor In Possession**

_____

**MICHAEL KRICHEVSKY**

**Plaintiff Under Duress, DIP**

vs.

**Adversary Proceeding No.:**
**1-21-01013**

**US BANK, NA, WELLS FARGO BANK, NA, WELLS**
**FARGO HOME MORTGAGE, KELLY DUNCAN,**
**WELLS FARGO HOME MORTGAGE, STEPHANIE**
**TERESE TAUTGE, DANIEL V. EDWARD, BANC OF**
**AMERICA FUNDING CORPORATION, VERIPRISE**
**PROCESSING SOLUTIONS LLC, CHARIE LENISE**
**GLADDEN, WOODS OVIATT GILMAN, LLP**
**DONALD W. O'BRIEN, JR., NATALIE A. GRIGG,**
**ALEKSANDRA K, FUGATE, BRITTANY J. MAXON,**
**DAVID BRUCE WILDERMUTH, BRETTANIE L.**
**HART SAXTON, VICTORIA E. MUNIAN, MICHAEL**
**THOMAS JABLONSKI, MIRANDA L. SHARLETTE**
**A/K/A MIRANDA JAKUBEC, FRENKEL LAMBERT**
**WEISS WEISMAN GORDON, LLP, BARRY WEISS,**
**PROVEST, LLC, WOODY DORSONNE, REED SMITH**
**LLP, NATSAYI MAWERE, JENNIFER L. ACHILLES,**
**ESTATE OF DISEASED NOACH DEAR, SHMUEL**
**TAUB, STEVEN J. BAUM, P.C. STEVEN J. BAUM,**
**ELPINIKI M. BECHAKAS, JANE AND JOHN DOE 1-**
**100, INDIVIDUALS NAMES TO BE DISCOVERED,**

**MEMORANDUM OF**
**LAW IN SUPPORT OF**
**MOTION TO DISMISS**

**Defendants.**

_____

Defendants Woods Oviatt Gilman, LLP, Donald W. O'Brien, Jr., Natalie A. Grigg,

Aleksandra K. Fugate, Brittany Maxon, David Bruce Wildermuth, Brettanie L. Hart Saxton,

Victoria E. Munian, Michael Thomas Jablonski, and Miranda L. Sharlette a/k/a Miranda Jakubec (collectively "Defendants"), by the undersigned, submit this memorandum in support of its motion, pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Adversary Proceeding 1-21-01013 together with such other and further relief as the court deems just and proper.

## PRELIMINARY STATEMENT

Defendants Woods Oviatt Gilman, LLP, Donald W. O'Brien, Jr., Natalie A. Grigg, Aleksandra K. Fugate, Brittany Maxon, David Bruce Wildermuth, Brettanie L. Hart Saxton, Victoria E. Munian, Michael Thomas Jablonski, and Miranda L. Sharlette a/k/a Miranda Jakubec submits this Motion to Dismiss in response to the Adversary Proceeding Complaint filed on February 11, 2021 and Amended Complaint filed on April 8, 2021 by Plaintiff Michael Krichevsky ("Plaintiff").  Plaintiff filed the Complaint alleging various allegations that have previously been litigated as part of the underlying mortgage foreclosure action pending in the New York State Supreme Court. Plaintiff attempts to disguise his claims by alleging violations of Federal laws as well as violations of the United States Bankruptcy Code.  Plaintiff's Amended Complaint reiterates the same conclusory allegations, and was amended strictly to name individuals who otherwise filed motions in this Adversary Proceeding.  As set forth in more detail below, Plaintiff's claims are wholly without merit and the Complaint should be dismissed.

## FACTUAL AND PROCEDURAL BACKGROUND

The Factual and Procedural background of the instant motion is set forth in the Affirmation of Natalie A. Grigg, Esq. and is incorporated herein by reference.

**ARGUMENT**

## I.    PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED AS UNTIMELY

Federal Rule of Civil Procedure 15, as incorporated to this matter by Federal Rule of Bankruptcy Procedure 7015, governs a party's right to amend its pleadings.  It is well established that "[a] party may amend its pleading as a matter of course within the time limits imposed by Rule 15(a)(1) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 15 provides that "[a] party may amend its pleading once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15.  When a party seeks to amend its pleadings outside of the prescribed time frames, the opposing party must consent or the moving party must obtain leave of the court."  *Fjord v. AMR Corp.* (In re AMR Corp.), 597 B.R. 486, 490, 2019 Bankr. LEXIS 622, *11, 2019-1 Trade Cas. (CCH) P80,688 (Bankr. SDNY 2019).

In the present case, Defendants served a Motion to Dismiss on March 15, 2021, yet Plaintiff did not file an Amended Complaint until April 8, 2021, three days after the 21 day time limit prescribed by the Federal Rules.  Plaintiff did not seek consent of the Defendants, nor did Plaintiff move to seek court permission prior to the Amended Complaint being filed.  As such, Plaintiff's Amended Complaint is untimely and should be dismissed.

Moreover, even if the Plaintiff were to seek leave, "a court may exercise its discretion to deny leave to amend a pleading where: (i) the movant has acted with undue delay, bad faith, or a dilatory motive; (ii) the movant has repeatedly failed to cure a deficient pleading; (iii) the amendment would unduly prejudice the opposing party; or (iv) the amendment would be futile."

3

*Fjord 597 B.R. 490-491 citing Tronox Inc. v. Kerr McGee Corp. (In re Tronox Inc.)*, 503 B.R. 239, 340 (Bankr. S.D.N.Y. 2013).   Here, a review of the various matters involving Plaintiff, including this Adversary Proceeding, demonstrates that this Amended Complaint is yet another grasp to unduly delay these proceedings.   Decisions have been rendered in the underlying bankruptcy proceeding, and were thereafter appealed to the District Court.   The District Court Memorandum and Order, which has been issued since the commencement of this Adversary Proceeding, likewise has a preclusive effect that bars Plaintiff from continuing to litigate the same issues repeatedly.   Continuing to allow the Plaintiff to embark on course of conduct is unduly prejudicial to the Defendants, who have to expend resources to address wholly frivolous and unfounded allegations.   Based on the foregoing, Plaintiff's Complaint and Amended Complaint should be dismissed.

II.    **PLAINTIFF'S ADVERSARY PROCEEDING SHOULD BE DISMISSED FOR FAILURE TO STATE A CAUSE OF ACTION**

Federal Rule of Bankruptcy Procedure 7012(b), which incorporates Federal Rule of Civil Procedure 12(b)(6), permits a party to seek dismissal of a claim at the pleading stage if it does not state a claim upon which relief may be granted.   The standard of review on a motion made pursuant to Fed. R. Civ. R. 12(b)(6) is that plaintiff plead sufficient facts "to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, U.S., 127 S. Ct. 1955, 1970 (2007); *see also ATSI Commc'ns v. Shaar Fund, Ltd.*, 493 F. 3d 87(2d Cir. 2007). Although the complaint need not provide "detailed factual allegations," a complaint "requires more than labels and conclusions, and a formalistic recitation of the elements of a cause of action will not do." *see*

*Twombly,* 127 S.Ct. at 1964-65. The complaint must "amplify a claim with some factual allegations...to render the claim plausible." (*Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007). The complaint must provide "the grounds upon which [the plaintiffs] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" (*ATSI Commc'ns*., 493 F. 3d at 98 (*quoting Twombly,* 127 S.Ct. at 1965.); *Benzman v. Whitman*, 523 F.3d 119 (2d Cir. 2008);*Livant v. Clifton,* 2008 U.S. App. LEXIS 7377 (2d Cir. Apr. 7, 2008), *Goldstein v. Pataki*, 516 F.3d50 (2dCir. 2008.)

"Where, as here, a plaintiff proceeds pro se, the Court must 'construe[] [her complaint] liberally and interpret[] [it] to raise the strongest arguments that [it] suggest[s].'" *Borrani v. Nationstar Mortg. LLC*, 2019 U.S. Dist. LEXIS 54479, *14, 2019 WL 1429982 (S.D.N.Y. 2019) quoting *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (per curiam).  "However, 'the liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law.'" *Borrani quoting Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013).  Rather, "pro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." *Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008).

As set forth in Defendant's Motion to Dismiss filed on March 15, 2021, Plaintiff's Complaint does not meet the standards of pleading, and as such, this Adversary Proceeding should be dismissed in its entirety.  The only amendments Plaintiff made were to add additional individual defendants, who prepared Motions to Dismiss the Complaint, and submit unfounded allegations in the Amended Complaint.  Defendants have ample evidence that the Complaint and Amended Complaint should be dismissed.

### III.    THE ROOKER-FELDMAN DOCTRINE BARS THIS COURT FROM REVIEWING THE STATE COURT DECISIONS AND ORDERS

It is well settled that the Rooker-Feldman "bars federal courts from reviewing state court decisions, even when the federal plaintiff alleges that the state court decision is void.' The Supreme Court of the United States held, in pertinent part, that the Rooker-Feldman Doctrine:

> is confined to cases […] brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. Rooker-Feldman does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions.

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (U.S. 2005). In other words, the Doctrine prevents state court losers from circumventing the appeals process by collaterally attacking the judgment in federal court. This is true "even if the state court judgment was wrongly procured," as that judgment "is effective and conclusive until it is modified or reversed in the appropriate State appellate or collateral proceeding." *Borrani v. Nationstar Mortg. LLC*, 2019 U.S. Dist. LEXIS 54479, *19, 2019 WL 1429982 (2d Cir. 2019).  In fact, Congress only empowered the Supreme Court of the United States to exercise appellate authority to reverse or modify a state-court judgment.  *See Hachamovitch v. DeBuono*, 159 F.3d 687, 693-94 (2d Cir. 1998) (citing *Rooker v. Fidelity Trust Co*., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983)). Furthermore, the Second Circuit law is clear that "the state court is the appropriate forum for any challenge to a foreclosure judgment, even one asserting that the judgment is void or that the plaintiff lacked standing to foreclose." *In re Buckskin Realty, Inc.*, 2016 Bankr. LEXIS 3458 at *16 (Bankr. E.D.N.Y. Sept. 23, 2016). "Rooker-Feldman precludes setting aside a

foreclosure judgment, even if entered in violation of N.Y. C.P.L.R. 3215." *See id.* at 18.

In the case of *In re Buckskin Realty, Inc.*, the debtor sought to vacate a state court foreclosure judgment and sale of two lots of a homeowners association. The debtor claimed that the judgment is void because the Defendant lacked the standing to foreclose. Furthermore, the debtor alleged that his counsel never received notice of sale and that defendants fraudulently obtained the foreclosure judgment. The Court held that the debtor "cannot avoid the application of Rooker-Feldman based on the argument that the plaintiff's lack of standing to foreclose on a mortgage resulted in a void judgment." *Id.* at 15. Furthermore, the court stated that the Rooker-Feldman prevents this Court from overturning the state court judgment on fraud as such a determination "would require this Court to review the foreclosure judgment and determine that it was issued in error." *Id.* at 17.

Similarly here, Plaintiff is raising lack of standing in an attempt to circumvent the ruling in a state court proceedings.  In the state court foreclosure action, Plaintiff challenged Secured Creditor's standing to foreclose, along with a plethora of other allegations. See Exhibits L and M. In granting U.S. Bank's Order of Reference, and denying Krichevsky's Motion to Dismiss, the state court held that Plaintiff was in default thus waiving the defense of lack of standing, and that "in an action to foreclose a mortgage, a plaintiff established its prima facie case through the production of the mortgage, the unpaid note, and evidence of default…Plaintiff has done so.". See Exhibit P. Nevertheless, the Rooker-Feldman Doctrine is clear in that a federal court is bound by a judgment rendered in a state court.  Therefore, the arguments raised by the Plaintiff are irrelevant.

## IV.    PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINE OF COLLATERAL ESTOPPEL

"Collateral estoppel, also known as issue preclusion, provides that 'when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'" *Borrani*, 2019 U.S. Dist. LEXIS 54479, *26-27.  Under New York law, "collateral estoppel will preclude a court from deciding an issue where '(1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding.'" *Id.* at *27.  Additionally, where a Plaintiff is attempting to use allegations of federal law violations to relitigate issues that were previously decided in the mortgage foreclosure action, collateral estoppel is the appropriate preclusion doctrine to apply. See *Book v. Mortg. Elec. Registration Sys.*, 608 F. Supp. 2d 277, 286, 2009 U.S. Dist. LEXIS 23763, *18 (Conn. 2009) (Collateral Estoppel was appropriate where plaintiff used federal RICO and tort action to relitigate issues that were decided in the state court mortgage foreclosure suit). This is due to the fact that "'[a] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.'"  *Green v. Wells Fargo Bank, N.A.* (In re Green), 2020 Bankr. LEXIS 1607, *37-38 (Bankr. E.D.N.Y. 2020).

In the underlying foreclosure action, Plaintiff submitted an untimely answer wherein he alleged a significant number of affirmative defenses, which form the basis of the allegations that are presented in the Complaint. While the answer was rejected as untimely, Plaintiff proceeded to filing opposition to the Motion for Order of Reference and litigate the issues that Plaintiff now raises in this Adversary Proceeding. Plaintiff now couches his allegations by using perceived

federal law violations to disguise the fact that these issues have already been decided by the lower court.  At no time was the Plaintiff denied the opportunity to litigate those defenses, and rather the documentary evidence demonstrates that Plaintiff had a full and fair opportunity to do so.  Thus, the doctrine of collateral estoppel applies and Plaintiff is barred from litigating those claims in this action.  Thus, the Adversary Proceeding should be dismissed.

## V.    PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINE OF RES JUDICATA.

Even if Plaintiff's claims were not barred by the Rooker-Feldman doctrine under federal law, the claims are precluded under the New York law under the doctrine of res judicata, or claim preclusion, wherein a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action' to support or defend against the alleged cause of action. *Amissah v. Wells Fargo*, 2020 WL 868599, at *3 (E.D.N.Y Feb. 20, 2020). Therefore, Plaintiff cannot use the Bankruptcy Court to seek out a different ruling.

Federal courts have "consistently accorded preclusive effect to issues decided by state courts," and Congress has required federal courts "to give preclusive effect to state-court judgments whenever the courts from the State from which the judgments emerged would do so." *Bruno v. Deutsche Bank Nat'l Trust Co.*, 2020 WL 532517 (E.D.N.Y Feb. 20, 2020). In New York, "res judicata bars successive litigation of all claims based upon the same transaction or series of connected transactions if: (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was." *Sheffield v. Sheriff of Rockland County Sheriff Dep't*, 393 F. App'x 808, 811 (2d Cir. 2010) (quoting *People ex rel. Spitzer v. Applied Card Sys., Inc.*, 11 N.Y.3d 105, 122, 894 N.E.2d 1, 863 N.Y.S.2d 615 (2008)). New York applies a "transactional approach" to res judicata, which means that "once a claim is brought to a

final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy. *Id.*

      As it pertains to the present case, it is undisputed that the default judgment in the underlying foreclosure action was a final adjudication on the merits. *Amissah v. Wells Fargo*, 2020 WL 868599, at *3 (E.D.N.Y Feb. 20, 2020); *Harris ex rel. Harris v. BNC Mortg., Inc.*, 2, 2017 WL 1166357, at *4 (E.D.N.Y. March 28, 2017) *Norex Petrol. Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 160 (2d Cir. 2005)*; Dudla v. P.M. Veglio LLC, No. 13-CV-0333,* 2016 WL 1068120, at *13 (N.D.N.Y. Mar. 15, 2016) ("Under the doctrine of claim preclusion, . . . [a] default judgment functions as a final judgment on the merits." (citing Saud v. Bank of N.Y., 929 F.2d 916, 919 (2d Cir. 1991))*.* Moreover, this action involves the same parties as those in the foreclosure proceeding. Finally, Plaintiff's claims arise out of the same series of transactions at issue in state court—the mortgage and property foreclosure. *Bruno v. Deutsche Bank Nat'l Trust Co.*, 2020 WL 532517 (E.D.N.Y Feb. 20, 2020). Even a review of the instant matter leads to the conclusion that the claims in this matter could have been raised before the state court. Therefore, the doctrine of Res Judicata prevents this court from reviewing these claims.

## VI. THE ABSTENTION DOCTRINE PRECLUDES FEDERAL COURTS FROM ENJOINING ONGOING STATE PROCEEDINGS.

In addition to the foregoing arguments that warrant the dismissal of this Adversary Proceeding, it is also well recognized that abstention is appropriate when a federal action seeks to essentially enjoin an ongoing state foreclosure proceeding. *Abbatiello v. Wells Fargo Bank, N.A.*, 2015 WL 5884797 at *4 (E.D.N.Y Oct 8 2015). It is undisputed that there is an ongoing foreclosure action against Plaintiff, which is pending in New York State Court. See Exhibits C-S. Since the entry of the order terminating the automatic stay in the Bankruptcy Proceeding, the automatic stay no longer applies and the underlying foreclosure action may now proceed. Courts have held that a state court foreclosure action is a "civil proceeding that implicates a State's interest in enforcing the orders and judgments of its courts." *Abbatiello*, 2015 WL 5884797 at *4. As the foreclosure action implicates important state interests in contractual and property rights, including the validity of the lien and the ability to foreclose on its interest in the mortgaged property, Plaintiff's claims attacking the foreclosure action are more appropriately addressed in state court. Therefore, this action should be dismissed.

## VII.    THE BANKRUPTCY COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S FAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS.

It is well established that "dismissal is mandatory" where a court finds it does not have subject matter jurisdiction to adjudicate a dispute.  *Green v. Wells Fargo Bank, N.A.* (In re Green), 2020 Bankr. LEXIS 1607, *31 (Bankr. E.D.N.Y. 2020).  In the present case, this Court lacks subject matter jurisdiction as to any violations of the Fair Debt Collection Practice Act ("FDCPA"), and the Complaint should be dismissed.

11

As provided for in 15 U.S.C.S. §1692k(e), "an action to enforce any liability created by this title [15 USCS §§ 1692 et seq.] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs."    See 15 USCS § 1692k.  While the alleged violations may be brought in an appropriate United States district court, the alleged claims for a violation of the FDCPA exist outside of the jurisdiction of the bankruptcy court, and therefore, this is not the proper venue to allege these claims.  *See Wynne v. Aurora Loan Servs., LLC* (In re Wynne), 422 B.R. 763, 770, 2010 Bankr. LEXIS 310, *15 (Bankr. M.D. Fla. 2010).

In *Williams v. CitiFinancial Servicing LLC* (In re Williams), 612 B.R. 682, 2020 Bankr. LEXIS 177, *26-27, 68 Bankr. Ct. Dec. 71, 2020 WL 411291 (Bankr. M.D. N.C. 2020), the Bankruptcy Court found that it lacked jurisdiction over Debtor's FDCPA claims because it was not related to a case under the Bankruptcy Code.  There, the court noted that "Bankruptcy courts may 'hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11.'"  *Williams*, 612 B.R. at 696 citing 28 U.S.C. § 157(b)(1).  However, the court is limited in that it "may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11, but, absent the consent of the parties, may only submit proposed findings of fact and conclusions of law to the district court for de novo review." Citing 28 U.S.C. § 157(c)(1). 612 B.R. 696.   The court further noted that "[a] proceeding  'arises under title 11' if it is 'a cause of action created by the Bankruptcy Code, and which lacks existence outside the context of bankruptcy.'"  612 B.R. at 696-697 quoting *In re Kirkland*, 600 F.3d 310, 316 (4th Cir. 2010).

12

In the present case, Plaintiff's second cause of action makes conclusory allegations that "letters, bills…and court documents" amount to a violation of the FDCPA. There is no indication that these allegations relate to the underlying bankruptcy case. Thus, this Court lacks subject matter jurisdiction to render a decision as to the validity of the allegations, and the complaint should be dismissed.

## VIII.   THE FILING OF A PROOF OF CLAIM IS NOT A VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff's first cause of action alleges that Defendants violated the FDCPA by filing a proof of claim in the underlying bankruptcy action. This allegation is wholly without merit. In *Jacques v. U.S. Bank N.A.* (In re Jacques), 416 B.R. 63, 80-81, 2009 Bankr. LEXIS 2786, *46-47 (Bankr. E.D.N.Y.), the court noted that

> "It simply is not wrongful conduct prohibited by the FDCPA to file a proof of claim as authorized by the Bankruptcy Code. See 11 U.S.C. § 501(a) ("A creditor . . . may file a proof of claim."). The filing of a proof of claim is meant to assert a right to payment against a debtor's estate, so that the court can determine whether the claim is allowed under the Bankruptcy Code. *See Travelers Cas. and Sur. Co. of Am. v. Pacific Gas and Elec. Co.*, 549 U.S. 443, 449, 127 S. Ct. 1199, 167 L. Ed. 2d 178 (2007) (citing 11 U.S.C. §§ 101(5)(A), 502(a)). It is not viewed as an effort to collect a debt from the debtor, who enjoys the protection of the automatic stay. *See Campbell v. Countrywide Home Loans, Inc.*, 545 F.3d 348, 355-56 (5th Cir. 2008) ("We find no precedents in which a court has held that asserting a right to payment in a [p]roof of [c]laim constitutes a violation of the automatic stay."); *Hurst v. U.S. Bank* (In re Hurst), 357 B.R. 782, 785 (Bankr. W.D. Ark. 2006) (even when incorrect, the filing of a proof of claim does not violate the automatic stay). These allegations are insufficient to state a claim under the FDCPA.

See also *Claudio v. LVNV Funding, LLC* (In re Claudio), 463 B.R. 190, 2012 Bankr. LEXIS 140,

2012 WL 115378 (Bankr. E.D.N.Y. 2012).   Likewise, the Second Circuit Court of Appeals has found that "[f]ederal courts have consistently ruled that filing a proof of claim in bankruptcy court (even one that is somehow invalid) cannot constitute the sort of abusive debt collection practice proscribed by the FDCPA, and that such a filing therefore cannot serve as the basis for an FDCPA action. *Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 95, 2010 U.S. App. LEXIS 20482, *4 (2d Cir. 2010).   This is due to the fact that "[t]o permit Plaintiff to circumvent [the] provision[s] of the [Bankruptcy Code] and its remedy by bringing a claim under the FDCPA, which provides for damages and attorneys' fees, would directly contravene the Bankruptcy Code's remedial scheme."   *Diamante v. Solomon & Solomon, P.C.*, 2001 U.S. Dist. LEXIS 14818, *18, Bankr. L. Rep. (CCH) P78,525 (N.D.N.Y. 2001).   As such, Plaintiff's allegations that the filing of the proof of claim violates the FDCPA is meritless and this claim must be dismissed in its entirety against the Defendants.

## IX.    PLAINTIFF'S ALLEGED FAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS ARE BARRED BY THE STATUTE OF LIMITATIONS

Section 1692k(d) provides that "[a]n action to enforce any liability created by this title [15 USCS §§ 1692 et seq.] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs."  15 USCS § 1692k.  As set forth in the procedural history pertaining to the underlying foreclosure action, the last correspondence exchanged between Defendants and Plaintiff was back in 2019.  More specifically, in June 2019, a Notice of Withdrawal of the Motion for Judgment of Foreclosure and Sale was sent once the Plaintiff filed the underlying Bankruptcy petition.   Any correspondence after that date was

related to the underlying Bankruptcy case, and as established above, would not be considered

part of any claim under the FDCPA. Thus, as June 2019 was the last correspondence exchanged,

more than one year has passed and any alleged violations of FDCPA are now time barred.


X.      **PLAINTIFF'S ALLEGATIONS THAT DEFENDANT HAS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT ARE WITHOUT MERIT**

While it is well established that the purpose of the FDCPA is to protect debtors and

"eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors

who refrain from using abusive debt collection practices are not competitively disadvantaged,

and to promote consistent State action to protect consumers against debt collection abuses." 15

USCS § 1692. To establish a violation under the FDCPA

> (1) the plaintiff must be a "consumer" who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, and (2) the defendant collecting the debt is considered a "debt collector," and (3) the defendant has engaged in any act or omission in violation of FDCPA requirements.

*Schuh v. Druckman & Sinel L.L.P.,* 751 F. Supp. 2d 542, 548, 2010 U.S. Dist. LEXIS 64473,

*17-18 (S.D.N.Y. 2010).

Moreover, within the FDCPA, there are two exceptions to provisions imposing liability

on debt collectors. Specifically, §1692k(c) provides that "[a] debt collector may not be held

liable in any action brought under this title [15 USCS §§ 1692 et seq.] if the debt collector shows

by a preponderance of evidence that the violation was not intentional and resulted from a bona

fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such

error." 15 USCS § 1692k. The FDCPA also states that none of its provisions imposing liability

shall apply to "any act done or omitted in good faith in conformity with any advisory opinion of the FTC."  15 USCS § 1692k(e).

In the present case, Plaintiff solely recites the plain language of the FDCPA and alleges that Defendants made misleading and untrue statements. However, Plaintiff "neither plead[s] facts nor present[s] evidence to support this claim and 'courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Williams v. Bayview Loan Servicing, LLC*, 2019 U.S. Dist. LEXIS 91543, *35, 2019 WL 2330852 (E.D.N.Y. 2019).  Here, Plaintiff's claim "lacks factual support and merely alleges in a conclusory fashion" that Defendants violated the statute.  *Williams*, 2019 U.S. Dist. LEXIS 91543, *39-40. Moreover, "[a]t the pleadings stage, the Court must limit its inquiry to the facts alleged in the complaint, the documents attached to the complaint or incorporated therein by reference, and 'documents that, while not explicitly incorporated into the complaint, are 'integral' to plaintiff's claims and were relied upon in drafting the complaint.'" *Gold v. Shapiro*, 2019 U.S. Dist. LEXIS 169028, *6, 2019 WL 4752093 (E.D.N.Y. 2019). Notably, Plaintiff took no steps to attach any documents to his Complaint that could support his allegation that Defendants violated the FDCPA.

Moreover, any allegations that the underlying foreclosure action was untimely is also without merit.  While a 2009 action, was commenced, said action was voluntarily discontinued by the plaintiff in that action.  See Exhibit A.

It is well established in New York that "a voluntary dismissal without prejudice leaves the situation as if the action had never been filed."  *Housberg v. Baker*, 146 Misc. 2d 960, 553 N.Y.S.2d 280 (S. Ct. 1990).  To this end, "when an action is discontinued, it is as if the action had never been…."  *Baker*, 146 Misc.2d at 962.  This concept was most recently affirmed by the New

16

York Court of Appeals in its opinion issued in *Freedom Mortgage Corporation v. Engel* on February 18, 2021, wherein the Court stated that a voluntary discontinuance "is the functional equivalent of a statement by the lender that the acceleration is being revoked."  As such, the voluntary discontinuance "constitutes an affirmative act of revocation of that acceleration as a matter of law."

Based on the foregoing, Plaintiff's Complaint must be dismissed.

### XI. DEFENDANTS DID NOT VIOLATE NEW YORK STATE JUDICIARY LAW §487

Plaintiff alleges that Defendants have violated New York State Judiciary Law § 487 by failing to amend or supplement the proof of claim and motion for relief from stay, despite being aware of an issue of standing. This allegation is completely meritless. New York State Judiciary Law § 487 states that:

> An attorney or counselor who:
> 1.      Is guilty of any deceit or collusion, or to consents to any deceit or collusion, with intent to deceive the court or any party; or
> 2.      Willfully delays his client's suit with a view to his own gain; or willfully receives any money or allowance for or on account of any money which he has not laid out, or becomes answerable for,
> 3.      Is guilty of a misdemeanor, and in addition to the punishment prescribed therefor by the penal law, he forfeits to the party injured treble damages, to be recovered in a civil action.

The issue of standing was established in the filing of the underlying proof of claim and motion for relief from stay, as well as in the underlying foreclosure action. Therefore the allegation that violated Defendants New York State Judiciary Law § 487 by failing to amend or supplement the proof of claim and motion for relief from stay is entirely baseless and the adversary complaint should be dismissed.

## XII.    DEFENDANTS HAVE NOT VIOLATED BANKRUPTCY RULE 9011

Plaintiff alleges that Defendants violated Bankruptcy Rule 9011. As an initial matter, the allegation should be disregarded as pursuant to Bankruptcy Rule 9011(c)(1)(A), "a motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b)." Not only has Plaintiff failed to file a separate motion for sanctions under Rule 9011, but he has also failed to specially describe what conduct violated Bankruptcy Rule 9011(b). Nevertheless, Defendants have not violated Bankruptcy Rule 9011. As established above, in their representation of Secured Creditor, Defendants properly submitted documents in the Court that established standing, and no misrepresentations were made in these submissions.

## XIII.    THERE HAS BEEN NO VIOLATION OF THE AUTOMATIC STAY

Under Count Three, the Debtor states that the "actions of Defendants as averred herein above constitute a willful, intentional and flagrant violation of the automatic stay".  Bankruptcy Code Section 362(a)(3) provides that "a petition filed under section 301, 302, or 303 of this title…operates as a stay, applicable to all entities, of any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."  11 U.S.C. §362(a)(3).  While a violation of the automatic stay is a serious matter, it must be shown that the violation of the stay was willful.  See 11 U.S.C. §362(k).  Court have recognized that "the term "'willful' in the context of § 362(k) means 'any deliberate act taken [by a creditor] in violation of the [automatic stay], which the violator knows to be in existence.'"  *Green*, 2020 Bankr. LEXIS 1607, *39.  In fact, "'specific intent to violate the stay is not required; instead,

general intent in taking actions which have the effect of violating the automatic stay is sufficient to warrant damages.'" *Green*, 2020 Bankr. LEXIS 1607, *39-40. However, in order to establish a violation has occurred, Plaintiff must demonstrate "the following elements: "(1) that a bankruptcy petition was filed, (2) that the debtor is an individual, (3) that the creditor received notice of the petition, (4) that the creditor's actions were in willful violation of the stay, and (5) that the debtor suffered damages." *Green*, 2020 Bankr. LEXIS 1607, *40.

In the present case, a review of these elements demonstrates that the Plaintiff cannot establish a violation, let alone a willful one, of the automatic stay. The Plaintiff filed the initial Petition under Chapter 13 on June 6, 2019. It is undisputed that the Plaintiff is an individual and notice of the petition was received. The element that Plaintiff cannot establish is that Defendants took any actions in violation of the stay. As of January 24, 2019, a Motion for Judgment of Foreclosure and Sale had been pending in front of the State Court. On June 9, 2019, after being made aware of the bankruptcy filing, a Notice of Withdrawal of the Motion for Judgment of Foreclosure and Sale, was sent to the court, which had the effect of halting the underlying foreclosure action, and not moving the matter forward. There have been no further actions taken while the underlying Bankruptcy matter has been pending. As such, there has been no violation and this allegation is without merit.

## XIV.   DEFENDANT HAD AUTHORITY TO FILE A PROOF OF CLAIM

Plaintiff claims that Defendants did not have the authority to file the Proof of Claim on behalf of Secured Creditor. Bankruptcy Rule 3001(b) provides, in pertinent part that a " proof of claim shall be executed by the creditor or the creditor's authorized agent". See USCS Bankruptcy

R 3001. As clearly indicated by the Notice of Appearance filed on September 30, 2019 (ECF 8), the Secured Creditor in the underlying bankruptcy case retained Defendant Woods Oviatt Gilman LLP as attorneys to represent it in the bankruptcy action. Therefore, Defendant was clearly designated as agent for Secured Creditor and had the authority to file the Proof of Claim on behalf of Secured Creditor in the bankruptcy action.

## XV.    PLAINTIFF'S ALLEGATIONS THAT DEFENDANTS VIOLATED THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS STATUTE ARE WITHOUT MERIT

"To establish a civil RICO violation," "a plaintiff must show that he was injured by defendants' (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Weaver v. Boriskin*, 751 Fed. Appx. 96, 98, 2018 U.S. App. LEXIS 28092, *3 (2d Cir. 2018) (citations omitted). Moreover, "the plaintiff must allege "at least two predicate acts" to show a pattern of activity." *Weaver*, 751 Fed. Appx. at 98. However, "allegations of frivolous, fraudulent, or baseless litigation activities—without more—cannot constitute a RICO predicate act." *Id.*

With respect to allegations of RICO violations in the context of a mortgage foreclosure, the Second Circuit has found that "[i]n the absence of corruption, such litigation activity 'cannot act as a predicate offense for a civil-RICO claim.'" *Kim v. Kimm*, 884 F.3d 98, 104, 2018 U.S. App. LEXIS 4785, *10, 125 U.S.P.Q.2D (BNA) 1943, 1947, 2018 WL 1054751 (2d Cir. 2018). In *Kimm*, the plaintiff commenced an action alleging RICO violations where defendants fraudulently brought a lawsuit against him. There, the Second Circuit upheld the findings of the District Court that granted the defendants' motion to dismiss the plaintiff's RICO claims because

the allegations that the defendants engaged in a single frivolous, fraudulent, or baseless lawsuit could not constitute a viable predicate act.  This is due to the fact that "[i]f litigation activity were adequate to state a claim under RICO, every unsuccessful lawsuit could spawn a retaliatory action," which "would inundate the federal courts with procedurally complex RICO pleadings." *Kimm*, 884 F.3d at 104.  "Furthermore, 'permitting such claims would erode  the principles undergirding the doctrines of res judicata and collateral estoppel, as such claims frequently call into question the validity of documents presented in the underlying litigation as well as the judicial decisions that relied upon them.'"  *Id.*  "Moreover, endorsing this interpretation of RICO 'would chill litigants and lawyers and frustrate the well-established public policy goal of maintaining open access to the courts' because "any litigant's or attorney's pleading and correspondence in an unsuccessful lawsuit could lead to drastic RICO liability."  *Id.*

Similarly here, Plaintiff's allegations that Defendants violated RICO stem solely from actions, documents, and appearances that occurred within the context of the underlying mortgage foreclosure action.  The Defendants herein were solely engaged in representing U.S. Bank National Association in the context of the underlying foreclosure action.  Thus, Plaintiff's allegations that Defendants engaged in activities that violated RICO are without merit.


## XVI.    DEFENDANTS HAVE NOT VIOLATED THE FEDERAL AGENT REGISTRATION ACT

Plaintiff alleges that Defendant Woods Oviatt Gilman LLP is "connected to international bankers (Federal Reserve Bank), Judge Stong and/or her husband, Federal Reserve Bank's Attorney, and therefore are all in violation of Foreign Agents Registration Act." This claim is completely baseless and lacks merit.

21

The Foreign Agents Registration Act (FARA) provides that no person may act as an agent of a foreign principal unless they have filed with the Attorney General of the United States a true and complete registration statement and supplements thereto, as required by statute, or unless such they are exempt from registration under the Act. 22 USCS § 612(a). The Act defines a foreign principal as:

> (1) a government of a foreign country and a foreign political party;
> (2) a person outside of the United States, unless it is established that such person is an individual and a citizen of and domiciled within the United States, or that such person is not an individual and is organized under or created by the laws of the United States or of any State or other place subject to the jurisdiction of the United States and has its principal place of business within the United States; and
> (3) a partnership, association, corporation, organization, or other combination of persons organized under the laws of or having its principal place of business in a foreign country.

22 USCS § 611(b).

The Act further defines "agent of a foreign principle"

> (1) any person who acts as an agent, representative, employee, or servant, or any person who acts in any other capacity at the order, request, or under the direction or control, of a foreign principal or of a person any of whose activities are directly or indirectly supervised, directed, controlled, financed, or subsidized in whole or in major part by a foreign principal, and who directly or through any other person—
> (i) engages within the United States in political activities for or in the interests of such foreign principal; (ii) acts within the United States as a public relations counsel, publicity agent, information-service employee or political consultant for or in the interests of such foreign principal; (iii) within the United States solicits, collects, disburses, or dispenses contributions, loans, money, or other things of value for or in the interest of such foreign principal; or (iv) within the United States represents the interests of such foreign principal before any agency or official of the Government of the United States; and
> (2) any person who agrees, consents, assumes or purports to act as,

22

> or who is or holds himself out to be, whether or not pursuant to
> contractual relationship, an agent of a foreign principal as defined
> in clause (1) of this subsection.

22 USCS § 611(c). Defendants have clearly not violated any provision of the FARA. In the

related bankruptcy and foreclosure action in state court, Defendant Woods Oviatt Gilman LLP,

and the attorneys it employs, represents U.S. Bank National Association, As Trustee For Banc Of

America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-F, which is a

national association duly organized and existing under the laws of the United States of America.

As Defendants have not acted as an agent of a foreign principal, they have not violated FARA

and the adversary proceeding should be dismissed with prejudice.

## CONCLUSION

Based on the foregoing, Plaintiff's Complaint must be dismissed in its entirety as to Defendants Woods Oviatt Gilman, LLP, Donald W. O'Brien, Jr., Natalie A. Grigg, Aleksandra K. Fugate, Brittany Maxon, David Bruce Wildermuth, Brettanie L. Hart Saxton, Victoria E. Munian, Michael Thomas Jablonski, and Miranda L. Sharlette a/k/a Miranda Jakubec, together with such other and further relief as the Court deems just and proper.


DATED:        May 3, 2021
              Rochester, New York              */s/ Natalie A. Grigg*
                                               WOODS OVIATT GILMAN LLP
                                               Natalie A. Grigg, Esq.
                                               Attorneys for Defendants
                                               500 Bausch & Lomb Place
                                               Rochester, NY 14604
                                               Telephone: 855-227-5072